Sabrina JASARAJ–HOT Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2947–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

Glenn T. Terk, Wethersfeld, Connecticut, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Sabrina Jasaraj–Hot, a native of Yugoslavia and a citizen of Serbia and Montenegro, seeks review of a May 26, 2006 order of the Board of Immigration Appeals ("BIA") affirming the November 30, 2004 decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sabrina Jasaraj–Hot,* No. A97 745 366 (B.I.A. May 26, 2006), *aff'g* No. A97 745 366 (Immig.Ct.Hartford, Ct. Nov. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the decision of the IJ, this Court reviews the decision of the IJ as supplemented by the BIA, *see Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005), and reviews the agency's factual findings under the substantial evidence standard, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The BIA's finding that Jasaraj–Hot failed to demonstrate that the government of Serbia and Montenegro had been or would be unable or unwilling to protect her from harm is based on substantial evidence in the record. *See* 8 U.S.C. §§ 1101(a)(42); *Sotelo–Aquije v. Slattery,* 17 F.3d 33 (2d Cir.1994) (finding that the Immigration and Nationality Act "protects against persecution not only by government forces, but also by nongovernmental groups that the government cannot control"). Contrary to Jasaraj–Hot's argument that the IJ and BIA made an erroneous adverse credibility determination against her, the BIA deemed credible her testimony that when she lived with her grandmother and attended school in Berane, a northern Montenegrin town with a large Serbian population: 1) several schoolboys harassed her, threatening to rape her, scar her face, and force her into prostitution because she was an ethnic Albanian and Muslim; 2) these schoolboys may have raped her friend, who was a female ethnic Albanian; and 3) she found a note on her desk in school that stated, " 'the same thing that happened to her friend' would happen to her." The BIA noted, however, that, although Jasaraj–Hot once approached a professor about being taunted in class, neither she nor her grandmother reported the threats, the note or the friend's alleged rape to school officials or to the police.

■ Although Jasaraj–Hot claimed that she did not seek protection from the authorities because she "was afraid it's going to be worse" and the police would not protect her, she provided no evidence that the government of Serbia and Montenegro was unable or unwilling to protect her. The BIA noted that, although police entered the family home twice in the late 1990s during the regime of Slobodan Milosevic, these actions did not justify Jasaraj–Hot's failure to seek the protection of the present Serbian–Montenegrin authorities. Moreover, the BIA considered the 2004 State Department Reports on Human Rights Practices in Serbia and Montenegro ("2004 State Department Report") and found that, although there are problems in the country, the report does not support her contention that she would be persecuted upon returning to that country.

■ Because Jasaraj–Hot was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because the agency's finding that Jasaraj–Hot had not demonstrated that the government was unable or unwilling to protect her is supported in the record, the Court does not need to consider its findings that she had not established that the harassment she was subjected to constituted persecution, or that it would not be reasonable to expect her to relocate within Serbia and Montenegro. Although Jasaraj–Hot did not exhaust her CAT claim before the BIA, the BIA considered and decided that claim. *See Xian Tuan Ye v. Department of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006) (finding that the Court has jurisdiction to review a claim that was not argued before the BIA if the BIA nonetheless addressed it). However, the BIA reasonably found that Jasaraj–Hot did not meet her burden of proof of showing that is more likely than not she would be tortured if returned to Serbia and Montenegro, and she provided this Court with no basis for finding that determination to be clearly erroneous.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.